A. D. STRUNK v. STATE, EX REL. REUBEN LIPP.

[FILED OCTOBER 28, 1891.]

Assignment for Creditors: CONVEYANCE TO ASSIGNEE: MANDAMUS TO SHERIFF. Where, after an assignment is made to a sheriff for the benefit of the creditors of the assignor, the creditors choose an assignee to succeed the sheriff in such trust, who qualified by entering into an undertaking as required by law, it is the duty of the sheriff to immediately execute and deliver to such assignee a deed of quitclaim of all real estate conveyed by the assignment, and in default thereof *mandamus* will lie to enforce the performance of the duty.

ERROR to the district court for Pawnee county. Tried below before BROADY, J.

*J. K. Goudy*, for plaintiff in error.

*Story & Story*, and *D. D. Davis*, contra.

NORVAL, J.

A petition was filed in the district court of Pawnee county by the defendant in error, against the plaintiff in error, which alleges, in substance, that one E. F. Hempstead, a resident of Pawnee county, on the 21st day of December, 1889, was the owner of certain described real estate situated in said county and in Osborn county, Kansas, and being in embarrassed circumstances, on that day made an assignment of all his property, both real and personal, not exempt by law, to A. D. Strunk, as sheriff of Pawnee county, for the benefit of Hempstead's creditors; that said deed of assignment was delivered to and accepted by said Strunk, who had the same duly recorded in the office of the county clerk of Pawnee county, and took possession of all the assigned property, and on the 30th day of December, 1889, made and filed an inventory of all the assigned property as required by law; that on the 14th day of January, 1890, the relator, at a meeting of the creditors of said Hempstead, was duly elected by said creditors assignee to succeed the respondents; that immediately thereafter relator and respondent, with two appraisers, made and returned to the county court an inventory and appraisement of the estate as prescribed by law, and within forty-eight hours thereafter the relator tendered to the county judge his bond as such assignee, who thereupon approved the same and filed it for record in the county clerk's office of said county; that relator has demanded of the respondent that he execute and deliver to him a quitclaim deed of said real estate in accordance with the provisions of the assignment law, but the respondent refuses to execute and deliver such deed to the premises or to any part

thereof, and that by reason of the failure of the respondent to make such conveyance the relator is prevented from carying out the trusts and duties imposed upon him by reason of his being the assignee of said assigned estate. The relator prays that a peremptory writ of *mandamus* may issue to compel the execution of such conveyance.

An alternative writ of *mandamus* was issued, returnable before the Hon. J. H. Broady, one of the judges of the first judicial district, at chambers, on the 7th day of June, 1890, to which the respondent filed an answer. On the hearing of the application the judge granted a peremptory writ of *mandamus*, as prayed.

As no motion for a new trial was filed in the court below, and as the evidence heard before the trial judge was not preserved in a bill of exceptions, we cannot determine whether or not the proofs were sufficient to justify the decision. It will, however, be presumed, in the absence of a bill of exceptions, that all averments of the petition were established by legal evidence.

The sole question before the court is whether the district judge had jurisdiction of the subject-matter. In considering the point it is important to keep in mind the provisions of the assignment law.

Section 5 of this law requires that in every deed of assignment for the benefit of creditors the sheriff and his successor in office of the county where the assignor resides shall be named as assignee. The next section, among other things, provides for the recording of the assignment in the office of the county clerk of the county in which the assignee resides.

By section 7 it is made the duty of the sheriff, immediately upon the execution and delivery of an assignment, to take possession of the assigned estate, and preserve and safely keep the same for administration according to law. It also makes the sheriff and his sureties liable upon his official bond for the faithful execution of the trust created

by the assignment, for the preservation of the assigned estate, and for the accounting for and paying. over of all moneys derived therefrom.

Section 8 provides that the assignor shall file an inventory with the county judge within ten days after the' assignment is made, and specifies what the inventory shall contain.

Section 9 requires the county judge, immediately upon the receipt of the inventory, to fix a day, not more than fifteen days thereafter, for a meeting of the creditors of the assignor at his office for the purpose of choosing an assignee to succeed the sheriff, and that the county judge shall give notice of the time and place of such meeting.

Section 10 provides that "At the time and place fixed in such order, the creditors, or so many of them as shall be present in person or by proxy, may proceed by ballot to choose an assignee to succeed the sheriff, and the sheriff shall be eligible," etc.

Section 12 requires the sheriff and the assignee chosen at such meeting to immediately make and return an inventory and appraisement of the assigned estate to the county court, and the succeeding section makes it the duty of the assignee to give a bond, with two or more sureties, in double the amount of the appraisement, within forty-eight hours after the completion of the inventory, which undertaking is to be approved by the county judge.

It will be observed that the petition shows that every step required by the provisions of the above sections of the assignment law has been taken, but the respondent, as sheriff, refuses to convey the assigned estate to the relator, who was duly chosen by the creditors as assignee to succeed the sheriff, and has qualified as such. The relator bases his right to demand a conveyance upon the provisions of section 15 of the assignment law, which reads as follows:

"Sec. 15. Immediately upon the execution and approval of such bond the surety shall deliver all the personal prop-

erty belonging to such estate to such assignee, and shall execute and deliver to such assignee, as such, a deed of quitclaim of all real estate conveyed by such assignment."

The language of the section is clear and unambiguous. Argument cannot make it plainer. It makes it the duty of a sheriff, who is named as an assignee in a deed of assignment for the benefit of creditors, to convey by deed of quitclaim to the person legally chosen by the creditors of the assignor as assignee to succeed the sheriff, upon the assignee qualifying as such, all the real estate conveyed to the sheriff by the assignment. That the relator in the case at bar is entitled to such a conveyance is plain. How is that right to be enforced is the question? Although the plaintiff in error has not favored us with a brief or argument, we gather from the reading of the brief filed by the defendant in error, that respondent insists that the district court has no jurisdiction to grant the relief demanded, and that this objection is based upon section 39 of the assignment law, which provides that " Full authority and jurisdiction is hereby conferred upon the county courts, and the judges thereof, to execute and carry out the provisions of this act, and said court shall at all times be and remain open for the transaction of business under this act."

Proceedings relating to the settlement of assigned estates are under the control of the county court and the judges thereof. The district courts have jurisdiction to review upon appeal their judgments and decisions. While the legislature has conferred upon county courts jurisdiction in matters pertaining to assignments, yet it does not follow that the district judge was without jurisdiction to grant the relief here demanded. Section 645 of the Code of Civil Procedure provides that " The writ of *mandamus* may be issued to any inferior tribunal, corporation, board, or person to compel the performance of an act which the law especially enjoins as a duty resulting from an office, trust, or station," etc. The real estate of Hempstead was

conveyed to the respondent as sheriff in trust for the bene-
fit of the creditors of the assignor.    Upon the election and
qualification of the relator as assignee it was the duty of
the respondent to convey to him the real estate covered by
the deed of assignment.    The respondents refused to per-
form a plain duty imposed upon him by law.    *Mandamus*
will lie to a public officer or person to enforce the perform-
ance of a duty which the law enjoins, when the respondent
is in default of the discharge of such duty, and power is
conferred by statute upon a judge of the district court, at
chambers within his district, to hear and determine an ap-
plication for a peremptory writ of *mandamus*. (Sec. 57,
ch. 19, Compiled Statutes.)

Clearly it was not the purpose of the legislature, in
clothing county courts with jurisdiction in matters per-
taining to settlement of assigned estates, to in any manner
interfere with, or limit, the power of district courts in
proceedings by *mandamus*.    The district court did not err
in granting the writ, and the judgment is

AFFIRMED.

THE other judges concur.